IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SETERIA LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: _____ |
| ) | JURY TRIAL |
| ) | |
| McCRIGHT & ASSOCIATES, LLC ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Seteria Lewis, by and through counsel, alleges for her Complaint as follows:

### I. INTRODUCTION

1. Plaintiff brings this action against McCright & Associates, LLC, for legal relief to redress unlawful violations of Plaintiff's rights under the Family Medical Leave Act ("FMLA" or "the Act"), 29 U.S.C. §§ 2601, *et seq.*

### II. THE PARTIES

2. Plaintiff Seteria Lewis currently resides in Hamilton County, Tennessee, and is a citizen of the United States.

3. Plaintiff is an FMLA "eligible employee," specifically under 29 U.S.C. § 2611(2)(A), *i.e.*, one who worked more than 1,250 hours in the 12-month period preceding her leave.

4. Defendant McCright & Associates, LLC, is a Tennessee company located within the Eastern District of Tennessee, with an office at 928 McCallie Avenue, Chattanooga, Tennessee,

37403, and is an employer within the provisions of the FMLA, specifically under 29 U.S.C. § 2611(4)(A).

5. At all times material to this action, Defendant has been engaged in commerce as defined by § 2611(1) of the FMLA.

6. The Defendant is bound by the rules and regulations of the Family and Medical Leave Act.

### III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

8. Venue is proper in the Eastern District of Tennessee under 28 U.S.C. §1391(b)–(c) as Plaintiff was employed here, Defendant conducts business here, and the actions arose here.

### IV. FACTS

9. Defendant employed Ms. Lewis just shy of 13 years. She and the owner, Stan McCright, she believed, had a strong working relationship and the company was viewed as "family." She communicated with Mr. McCright directly, including by text messages to cell phones.

10. In September of 2016, Ms. Lewis requested and was granted FMLA leave relating to pregnancy complications and the upcoming birth of her child.

11. On November 4, 2016, Ms. Lewis gave birth to a son. She kept the company informed.

12. On December 6, 2016, Defendant sent Ms. Lewis a certified letter. At the time, Ms. Lewis was caring for her newborn, who was still not released from the hospital.

13. On December 13, 2016, Ms. Lewis called Mr. McCright and advised her son was still in the hospital.

14. On December 15, 2016, Ms. Lewis picked up the letter sent on December 6, 2016. This letter was written by the company's CFR, Mr. David Tatum. It advised that Ms. Lewis' FMLA

would expire on December 15, 2016 (that same day). It also advised Ms. Lewis that if she did not return to work by that date, "your employment with McCright and Associates will end." Mr. Tatum stated that "per the McCright policy," she must provide a return to work **"with no restrictions"** and that it must be provided **"prior to your return date."**

15. But in the next sentence of the Tatum letter, Mr. Tatum said, "[i]f restrictions are needed, the note must specify what accommodations are required for you to return to work."

16. Mr. Tatum's note then set forth three "options available":

"1. contact me immediately about your return to work to let me know your intentions;

"2. request an extended leave under the McCright Leave of Absence without Pay policy (7.4 of Employee Handbook) due to your inability to return to work because of your medical condition. All LOA requests are reviewed and approved or denied by the Chief Operating Officer. Under this scenario, you will need to provide an updated physician's certification statement to support the leave and submit that to me <u>on or before 12/12/16</u>. We will then notify you if the unpaid leave has been approved in accordance with this policy. You will not accrue benefits if LOA is approved; or

"3. resign due to your inability to return to work or desire not to return to work at this time."

17. This letter is not in keeping with the requirements of the FMLA to return to work. However, after reading the letter on December 15, 2016, Ms. Lewis did report to work that same day of December 15, 2016, so that she would not use any more leave time.

18. Mr. Tatum was not available so Ms. Lewis met with the owner, Mr. McCright, and Bob Powroznik, a manager. Ms. Lewis explained she was ready to return but as far as having a "doctor's note" with "no restrictions," she was not scheduled for her next doctor's appointment

until December 22, 2016, which was her six-week checkup. She inquired whether she should call the doctor that day or whether it would be sufficient to wait until that time to bring in the "no restrictions" note.

19. Mr. Powroznik and Mr. McCright said to just wait. They said December 22, 2016, was too close to Christmas and to return December 29, 2016, which was agreeable to Ms. Lewis. They also asked her to relocate her office personal belongings because, per Mr. McCright, a number of persons would be changing offices but, not to worry, Ms. Lewis was not being terminated. Ms. Lewis said fine and relocated her belongings.

20. Later that day, Mr. McCright called Ms. Lewis and advised her that she owed some money for continuing health insurance. Therefore, on December 16, 2016, Ms. Lewis took her insurance payments to human resources. While there, David Tatum (who was not present the previous day) met with Ms. Lewis along with a human resources representative. They advised Ms. Lewis that she should have returned the December 15, 2016, because that was her last day of FMLA and that she was therefore being terminated.

21. Mr. Tatum reiterated this stance in a letter dated that same day, December 16, 2016, which stated:

> [Y]ou have exhausted twelve (12) workweeks of FMLA leave of leave [sic] under the Family and Medical Leave Act (FMLA) as of 12/15/16.
>
> You have failed to return to work, and we have not received any communication from your physician releasing you to return to work. Therefore you no longer have job restoration rights under FMLA. Due to this, your employment with McCright and Associates is terminated effective 12/15/16.

22. Mr. Tatum then claimed that Bob Powroznik referenced December 29, 2016, in an entirely different context—a date to bring her resume for other positions.

23. In truth, Ms. Lewis did *not* fail to return by December 15, 2016. She returned that very day but was sent home. Moreover, a "no restrictions" note violates the FMLA. Additionally, requiring a fitness for duty note by December 12, 2016, or December 15, 2016, violates the FMLA. And, even if it did not, McCright & Associates extended the time for the note until December 29, 2016.

24. On December 22, 2016, Ms. Lewis attended her doctor's appointment, as scheduled, and obtained the "no restrictions" note. It stated: "Ms. Lewis is cleared to return to work without restrictions."

25. On December 29, 2016, Ms. Lewis presented the doctor's note as she was originally instructed. However, McCright & Associates refused to reconsider or restore her to her job, and, despite her 13 years with the company, merely offered her a beginning position of 15 hours per week at $10.15 per hour.

26. Ms. Lewis, due to the termination, has lost her job, benefits, and wages—at a time when she needed them most, having a newborn son at home. Moreover, the actions of McCright & Associates were inconsistent with its "family atmosphere" it cultivated as well as the promises made to Ms. Lewis about when she could return to work, upon which she relied. Accordingly, Plaintiff seeks all damages available under FMLA including liquidated damages for the indifference.

## V. COUNT ONE—FMLA INTERFERENCE

27. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1–26 herein.

28. By its actions alleged herein, Defendant violated the provisions of Section 2615(a)(1) of the FMLA by interfering with, restraining and/or denying Plaintiff the exercise of or the attempt

to exercise her rights under the FLMA—to wit, failing to provide Plaintiff with adequate notice of the requirement for a fitness-for-duty certificate and denying Plaintiff her restoration rights.

## VI. FMLA RETALIATION

29. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1–26 herein.

30. By its actions alleged herein, Defendant violated the provisions of Section 2615(a)(2) of the FMLA by involuntarily terminating and/or unlawfully discriminating against the Plaintiff for exercising her rights under the FMLA—to wit, deliberately using Plaintiff's FMLA as motivation to remove her unlawfully when, in fact, she timely returned to work.

## VII. FMLA ESTOPPEL

31. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1–26 herein.

32. By its actions alleged herein, Defendant is estopped to deny Plaintiff her restoration rights based upon Plaintiff's timely return to work and promises made by Defendant to Plaintiff upon which she relied.

## VIII. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

A. That proper process issue along with a copy of this complaint requiring the Defendant to appear and answer;

B. That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including, but not limited to back pay and front pay (or reinstatement), plus an equal amount of liquidated damages and/or prejudgment interest;

C. Any actual monetary loss sustained by the Plaintiff, plus an equal amount of liquidated damages and/or prejudgment interest;

D. Reasonable attorneys' fees;

E. The costs and expenses of this action;

F. Such other legal and equitable relief to which Plaintiff may be entitled; and

H. Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

GILBERT RUSSELL McWHERTER,
SCOTT BOBBITT PLC

s/Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
100 W. Martin Luther King Blvd., Suite 504
Chattanooga, TN 37402
(423) 499-3044
(731) 664-1540 Facsimile
jgilbert@gilbertfirm.com

Caraline E. Rickard (TN Bar No. 34414)
341 Cool Springs Blvd., Suite 230
Franklin, TN 37067
(615) 354-1144
(731) 664-1540 Facsimile
crickard@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF*